```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
SOKOL HOLDINGS, INC., BRIAN SAVAGE,     |
and THOMAS SINCLAIR,                    |
                                        |
               Plaintiffs,              |   05 cv 3749 (KMW)(DCF)
                                        |
     -against-                          |   OPINION AND ORDER ON
                                        |   PLAINTIFFS' LIMITED
BMB MUNAI, INC., ALEXANDRE AGAIAN,      |   OBJECTIONS TO
BAKHYTBEK BAISEITOV, GEORGES            |   MAGISTRATE'S ORDER ON
BENARROCH, BORIS CHERDABAYEV,           |   MOTION FOR LEAVE TO
MIRGALI KUNAYEV, CREDIFINANCE,          |   AMEND PLEADINGS
CAPITAL, INC., and CREDIFINANCE         |
SECURITIES, LTD                         |
               Defendants.              |
---------------------------------------X
```

KIMBA M. WOOD, U.S.D.J.:

**I.   Introduction**

Plaintiffs Sokol Holdings, Inc., Brian Savage, and Thomas Sinclair (collectively "Plaintiffs") submit objections to the Memorandum and Opinion of Magistrate Judge Freeman, dated August 14, 2009, which granted in part and denied in part their motion for leave to amend their Second Amended Complaint.  The Magistrate Judge granted Plaintiffs' motion insofar as Plaintiffs were permitted to file a Third Amended Complaint with amendments that (1) excise the specific performance claim (in light of the 2008 decision of the Court of Appeals for the Second Circuit); and (2) revise Counts I, III, and IV, and paragraphs 46, 60, and 61.  The parties do not object to this aspect of the Magistrate Judge's order.

1

Plaintiffs also seek to reformulate three Counts and add two new Counts in the proposed Third Amended Complaint. The Magistrate Judge denied leave to make these amendments. (D.E. 104.) The Magistrate Judge found that Plaintiffs filed their motion for leave to amend well beyond the deadline set by the Court's scheduling order, dated November 3, 2005, a delay not excused by a showing of "good cause" pursuant to Rule 16(b) of the Federal Rules of Civil Procedure.

For the reasons stated below, the Court AFFIRMS the Magistrate Judge's Memorandum and Opinion and DENIES Plaintiffs' Objections.

II.  **Relevant Procedural Background**

Plaintiffs' causes of action are based principally on allegations that Defendants violated an agreement with Plaintiffs to execute a business plan (hereinafter, the "Sokol Business Plan"), created by Plaintiffs, to extract and sell gas and oil resources from specific fields located in Kazakhstan. Plaintiffs had allegedly negotiated a contract with Emir Oil, LLP, who owned the fields and possessed the legal right to extract gas and oil from the land, to execute the Sokol Business Plan. Defendants allegedly utilized and benefited from the Sokol Business Plan and Plaintiffs' efforts by entering into a

separate transaction with Emir Oil, LLP that excluded Plaintiffs from the gas and oil extraction project.[1]

Plaintiff Sokol filed the original Complaint in this action on April 12, 2005. (D.E. 1.) On October 12, 2005, Plaintiffs filed an Amended Complaint, adding Savage and Sinclair as plaintiffs, naming Credifinance as a defendant, and asserting a number of additional claims. (D.E. 13.)

In a scheduling order, dated November 3, 2005, the Magistrate Judge stated that "[e]xcept for good cause shown . . . . [n]o additional claims . . . may be asserted after 90 days from the date Defendants file their answer(s) to the operative complaint." (D.E. 15.) On November 15, 2005, Plaintiffs filed a Second Amended Complaint. (D.E. 18.)

On June 15, 2007, the Court denied Defendants' motion to dismiss and also denied their motion for a stay pending arbitration. (D.E. 47.) On July 2, 2007, Defendants appealed the Court's Opinion and Order and sought a stay of the litigation until the Court of Appeals issued a decision on Defendants' appeal. (D.E. 48.) On July 19, 2007, the Court denied the motion for a stay of the proceedings. (D.E. 57.) The Magistrate Judge continued to oversee discovery while the matter was pending before the appellate court. (D.E. 58, 60, 61, 67.)

---

[1] A more detailed Factual Background is provided in the Magistrate Judge's Memorandum & Opinion. (D.E. 104.)

Meanwhile, Defendants filed an Answer to Plaintiffs' Second Amended Complaint on July 16, 2007.  (D.E. 56.)  Pursuant to the scheduling order requiring that all new claims be asserted within 90 days of Defendants' filing of an Answer to the operative complaint, the deadline for adding claims to the Complaint was therefore October 14, 2007.

The appellate court issued its decision on September 18, 2008.  It provided that, in light of its decision, Plaintiffs were "free to discontinue [their] claim for specific performance if [they] so choose[], and may seek the district court's leave to replead."  Sokol Holdings, Inc. v. BMB Munai, Inc., 542 F.3d 354, 362 (2d Cir. 2008).  On October 14, 2008, this Court set a deadline of October 24, 2008, for any motion to replead or to stay or dismiss the specific performance claim pending arbitration.  (D.E. 68.)

On October 24, 2008, more than one year after the Magistrate Judge's deadline for adding claims pursuant to the November 3, 2005 scheduling order, Plaintiffs filed a motion for leave to file a Third Amended Complaint, which included new and revised proposed Counts.  (D.E. 70.)  On November 7, 2008, the parties entered into a joint stipulation, whereby the motion for leave to amend was withdrawn without prejudice to allow the parties to engage in mediation.  (D.E. 73.)  The parties agreed that "if the mediation [did] not result in a settlement of the

4

dispute underlying this action, plaintiffs may refile the Motion."  (Id.)  On December 12, 2008, Plaintiffs notified the Court that mediation had been unsuccessful and refiled their motion for leave to amend the pleadings.  (D.E. 75.)

On August 14, 2009, the Magistrate Judge issued the decision on the motion for leave to amend, precluding those proposed amendments that recast Counts VI, VII, and VII and that add causes of action for Fraud (Count IX) and Promissory Estoppel (Count X).  (D.E. 104.)

**III. Basis for Magistrate Judge's Denial of Leave to Amend: Failure to Comply with Scheduling Order**

**A. Legal Standard**

Rule 16(b) requires that a court enter a scheduling order that "limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(1), (3)(A).  It provides that the schedule "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The purpose of Rule 16(b) is, in part, "to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed."  Parker v. Columbia Pictures Indus., 204 F.3d 326, 339-40 (2d Cir. 2000) (internal citations and quotation marks omitted).

Where a scheduling order fixes a deadline for asserting additional claims, a party seeking leave to amend its pleadings after the deadline must show "good cause" for modification of the scheduling order.  See id. at 339-41; Fed. R. Civ. P. 16(b)(4).  Good cause may "depend[] on the diligence of the moving party" in its efforts to meet the court's deadline.  See id. at 340; Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003).  The party must show that, despite its having exercised diligence, the applicable deadline could not reasonably have been met.  See Rent-A-Center Inc. v. 47 Mamaroneck Ave. Corp., 215 F.R.D. 100, 104 (S.D.N.Y. 2003); Parker, 204 F.3d at 340.

**B. Magistrate Judge's Enforcement of Scheduling Order**

The Magistrate Judge denied leave to amend with respect to Counts VI through X based on Plaintiffs' failure (1) to comply with the Court's scheduling order, dated November 3, 2005, and (2) to establish good cause for modification of that order.  The denial was based on four findings related to Rule 16(b) and the "good cause" analysis: (1) Plaintiffs' proposed amendments do not involve any newly-discovered evidence; (2) Plaintiffs could have asserted their new claims at the outset of this case and at other points during this litigation, including prior to the Second Circuit appeal and in compliance with the Court's scheduling order; (3) the parties engaged in extensive legal

6

briefing and substantial discovery (absent new amendments to the Complaint, discovery is at or near completion) before Plaintiffs sought to add the new legal theories and claims in proposed Counts VI through X; and (4) Plaintiffs never requested that the Court extend its scheduling deadlines and waited for more than a year after the stated deadline had passed, which demonstrates a lack of reasonable diligence to meet the "good cause" requirement.  (Mem. & Op. at 21-22.)

Denial of leave to amend with respect to Counts VI through X is based on Plaintiffs' failure to comply with the Magistrate Judge's scheduling order pursuant to Rule 16(b).  (Id. at 22.) The Magistrate Judge concluded that consideration of other factors, including prospective prejudice to Defendants and futility of adding claims, was not warranted.

**IV.  Analysis**

**A. Legal Standard for Appeal of Magistrate Judge Decision**

The Court must identify the appropriate standard of review for considering Plaintiffs' objections to the Magistrate Judge's decision.  Pursuant to Rule 72 of the Federal Rules of Civil Procedure and its enabling statute, the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), determination of the standard of review turns on whether the magistrate's decision is dispositive of a claim.  For nondispositive matters, a district court shall reverse a magistrate's order only where it has been shown that

7

the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A) (2002); see also Fed. R. Civ. P. 72(a); Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990). When reviewing a magistrate's order regarding a dispositive motion, a district court "shall make a de novo determination . . . of any portion of the magistrate judge's disposition to which specific written objection has been made."  28 U.S.C. § 636(b)(1)(C) (2002); see also Fed. R. Civ. P. 72(b).

The Court of Appeals for the Second Circuit has not clearly stated whether a denial of leave to amend a pleading is dispositive or nondispositive for Rule 72 purposes.  It recently suggested – but did not explicitly hold – that the "clearly erroneous" standard is appropriate for a denial of a motion for leave to amend a complaint.  See Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007).  Yet, "some uncertainty and arguable differences of opinion" persist in this Circuit as to the proper standard of review of a Magistrate Judge's ruling denying a motion to amend.  See Bridgeport Music, Inc. v. Universal Music Group, Inc., 248 F.R.D. 408, 410 (S.D.N.Y. 2008); see also Wilson v. City of New York, No. 06-229, 2008 WL 1909212, at *4 (E.D.N.Y. Apr. 30, 2008) (collecting cases and noting that "[c]ourts in this Circuit are divided on the issue of whether, and under what circumstances, motions to amend a pleading are dispositive or nondispositive," and that "[t]he Second Circuit

8

has not yet ruled on the issue"); Lyondell-Citgo Refining, L.P. v. Petroleos de Venezuela, No. 02-0795, 2005 WL 883485, at *2-3 (S.D.N.Y. Apr. 14, 2005) (collecting cases).

The weight of opinion appears to favor treating such rulings as nondispositive, requiring a "clearly erroneous" standard of review. See, e.g., DiPilato v. 7-Eleven, Inc., No. 07-7636, 2009 WL 2633130, at *2 (S.D.N.Y. Aug. 25, 2009) (noting that the Court of Appeals has described a motion to amend as "nondispositive" and applying a "clearly erroneous" standard of review); see also Am. Stock Exch., LLC v. Mopex, Inc., 215 F.R.D. 87, 90-91 (S.D.N.Y. 2002) ("[W]here magistrate judges prohibit a party from asserting a potential claim, courts tend to review the preclusion of such a claim under a 'clearly erroneous' standard.").

Some courts have nevertheless considered a denial of a motion to amend to be a dispositive decision, subject to a *de novo* standard of review. See, e.g., Covington v. Kid, No. 94-4234, 1999 WL 9835, at *2 (S.D.N.Y. Jan. 7, 1999) (finding that because magistrate judge's denial of leave to amend complaint foreclosed potential claims against defendants, it was dispositive); Champion Titanium Horseshoe, Inc. v. Wyman-Gordon Inv. Castings, Inc., 925 F. Supp 188, 189-90 (S.D.N.Y. 1996) (finding that denial of leave to amend "actually . . . is

9

subject to reconsideration *de novo,* since it is dispositive of the proposed new claims").[2]

Here, the Magistrate Judge's denial of leave to amend is based on a procedural violation – to wit, non-compliance with a scheduling order without a showing of "good cause" – rather than a substantive determination on the merit of Plaintiffs' claims. The specific circumstances of the instant motion and the weight of opinion in this Circuit suggest that application of the "clearly erroneous" standard of review is appropriate. In any event, the Court finds that the outcome would be the same under either a "clearly erroneous" or *de novo* standard.

---

[2] In some cases, courts have applied a more nuanced view, holding that *de novo* review is appropriate where the basis for denial of leave to amend is based on a *substantive* evaluation of the proposed claims. See, e.g., Wilson, 2008 WL 1909212, at *4 (supporting review of a denial of a motion to amend as "dispositive where the denial is based on futility because such a motion is analyzed under the same standard as a motion to dismiss for failure to state a claim or a motion for summary judgment, both of which are dispositive motions") (citing Children First Found., Inc. v. Martinez, No. 04-0927, 2007 WL 4618524, at *4 (N.D.N.Y. Dec. 27, 2007)); Dais v. Lane Bryant, Inc., No. 97-2011, 2000 WL 145755, at *1 (S.D.N.Y. Feb. 8, 2000) (holding that *de novo* standard of review is appropriate where magistrate's denial of leave to amend is based on futility, while a denial based on other grounds would warrant a "clearly erroneous" standard of review). Cf. Scally v. Daniluk, No. 96-7548, 1997 WL 639036, at *1 (S.D.N.Y. Oct. 15, 1997) (finding that magistrate's denial of leave to amend is dispositive, and warrants *de novo* review, where complaint would be dismissed in its entirety absent leave to amend).

**B. Plaintiffs' Rule 16(b) Arguments Are Without Merit**

Plaintiffs essentially offer three arguments for why the Magistrate Judge's denial of leave to amend should be reversed: (1) Plaintiffs could not have amended their complaint while the appeal was pending because this Court lacked jurisdiction over the case; (2) Orders of the Court of Appeals and this Court provided that Plaintiffs would be allowed to amend their complaint; and (3) Defendants would not be prejudiced if full amendment is permitted.

Plaintiffs' first two arguments are without merit. Plaintiffs' contention with respect to prospective prejudice to Defendants relates to a Rule 15(a) analysis, which provides that – absent violation of a court's scheduling order – leave to amend should be granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). As discussed in Part IV.C of this Opinion and Order, a Rule 15(a) analysis is immaterial to the decision on this motion.

First, Plaintiffs claim that the Court was divested of jurisdiction during the pendency of the appeal to the Court of Appeals for the Second Circuit. The Court, however, had discretion to move the case forward during the pendency of the appeal, with some limitations. See Motorola Credit Corp. v. Uzan, 388 F.3d 39, 53 (2d Cir. 2004); New York State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1350 (2d Cir. 1989) ("[T]he

11

filing of a notice of appeal only divests the district court of jurisdiction respecting the questions raised and decided in the order that is on appeal.").

The matter on appeal was, in the main, whether an arbitration clause warrants a stay or dismissal of any of Plaintiffs' claims.  The Court properly exercised its discretion to continue to direct aspects of this litigation not implicated by the appeal.  (D.E. 57.)  As the Magistrate Judge noted, granting a stay or extension of the scheduling order relating to amendment of the pleadings was within the Court's jurisdiction.  (Mem. & Op. at 20-21.)  Plaintiffs' contention that seeking such a stay or extension would have been "at best inefficient and at worst futile" misrepresents the legal and practical reality.

Second, Plaintiffs argue that the Magistrate Judge's decision is inconsistent with the orders of the Court of Appeals for the Second Circuit and this Court, which, according to Plaintiffs, permit amendment of the Complaint without limitation.  This assertion is incorrect.  The decision of the Second Circuit provided that Plaintiffs were "free to discontinue [their] claim for specific performance if [they] so choose[], and may seek the district court's leave to replead." Sokol Holdings, Inc. v. BMB Munai, Inc., 542 F.3d 354, 362 (2d Cir. 2008) (emphasis added).  On October 14, 2008, subsequent to issuance of the appellate court's decision, this Court set a

deadline for any motion to replead.  Plaintiffs were in no way given a free pass to amend their complaint however they wished; only the opportunity to move for leave to amend was offered.

Third, Plaintiffs argue that Defendants would not be prejudiced if full amendment were permitted.  As discussed below, the Magistrate Judge explicitly does not - and need not – base her decision on this factor or any other factor relating to the Rule 15(a) analysis.

### C. Rule 15(a) Analysis Is Not Applicable

Rule 15(a) provides that leave to amend should be given "freely . . . when justice so requires.  Fed. R. Civ. P. 15(a)(1)(B).  "Nonetheless, a motion to amend should be denied if there is an 'apparent or declared reason-such as undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment.'" Dluhos v. Floating and Abandoned Vessel Known as "New York," 162 F.3d 63, 69 (2d Cir. 1998) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

The Second Circuit has further held "that despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." Parker, 204 F.3d at 340

13

(emphasis added).  "The standards of Rule 16(b) must be met first and cannot 'be short-circuited by an appeal to those of Rule 15.'"  Nairobi Holding Ltd. V. Brown Brothers Harriman & Co., No. 02-1230, 2006 WL 2242596, at *3 (S.D.N.Y. Aug. 3, 2006) (citing Parker and quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992)) (emphasis added); see also NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd., 262 F. Supp. 2d. 134, 150 (S.D.N.Y. 2003) ("Before leave is granted [pursuant to Rule 15(a)], a motion to amend the pleading must satisfy the terms of [the] Court's scheduling order entered pursuant to Fed. R. Civ. P. 16(b)"); Semple v. Eyeblaster, Inc., No. 08-9004, 2009 WL 1748062, at *2 (S.D.N.Y. June 19, 2009) (finding that Rule 16(b) governs an application to amend the pleading once a scheduling order has been issued).

Rule 16(b) serves an important function in ensuring fairness, certainty, and expedition of litigation.  See Parker, 204 F.3d at 340.  Allowing parties to disregard the "instructions of a scheduling order 'would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.  Rule 16 was drafted to prevent this situation.'"  In re Wireless Telephone Services Antitrust Litig., No. 02-2637, 2004 WL 2244502, at *5 (S.D.N.Y. Oct. 06, 2004) (quoting Parker, 204 F.3d at 340).

The Magistrate Judge found that Plaintiffs' failure to comply with the Court's scheduling order and to show good cause for modification of that order precludes the amendments in proposed Counts VI through X pursuant to Rule 16(b). The Court finds that the Magistrate Judge's analysis and conclusion are correct. Consideration of prospective prejudice to Defendants, or any other Rule 15(a) factor identified in Dluhos, is therefore not warranted.

### D. Conclusion

The procedural history of this litigation has been complex, involving multiple motions to dismiss, an appeal to the Court of Appeals of the Second Circuit, efforts to resolve the dispute through mediation, and several aspects of pre-trial case management administered by the Magistrate Judge. Under such circumstances, adherence to Rule 16(b) scheduling orders is of particular importance. The Rule 16(b) objectives to provide a "measure of certainty in pretrial proceedings" and to ensure "that at some point both the parties and the pleadings will be fixed" are fundamental to the promotion of expeditious and efficient resolution of legal disputes. Parker, 204 F.3d at 339-40.

This litigation is now more than four and one half years old. The instant motion for leave to amend the pleadings was filed some three years after the filing of the Second Amended

15

Complaint, on which substantial motion practice and discovery has been completed, and more than one year after an unambiguous deadline provided by the Court. The Magistrate Judge's Memorandum and Opinion offers thorough reasoning for granting several amendments to the pleadings while denying the addition of Fraud and Promissory Estoppel claims and the fundamental recasting of Breach of Fiduciary Duty claims based on a new theory of liability. Plaintiffs have offered no valid grounds for a finding of "good cause" pursuant to Rule 16(b) with respect to their failure to comply with the Court's scheduling order, dated November 3, 2005.

### V. Conclusion

The Court AFFIRMS the Magistrate Judge's Memorandum and Opinion, dated August 14, 2009. Plaintiffs' objections to the Magistrate Judge's Memorandum and Opinion are DENIED. (D.E. 105.)

The parties shall file any dispositive motions within thirty (30) days of this decision.

SO ORDERED.

Dated:    New York, New York
          October **27**, 2009

                                    _____
                                    Kimba M. Wood
                                    United States District Judge